IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON,<br><br>*Plaintiff-Appellant*,<br><br>and<br><br>CLARK COUNTY, WASHINGTON, *et al.*,<br><br>*Plaintiffs-Appellants,*<br><br>v.<br><br>SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, *et al.*,<br><br>*Defendants-Appellees*,<br><br>and<br><br>COWLITZ INDIAN TRIBE,<br><br>*Intervenor-Defendant-Appellee.* | **Nos. 14-5326**<br>　　　15-5033 (consolidated)<br><br><br>1:13-cv-849-BJR<br>1:13-cv-850-BJR (consolidated)<br><br><br>*UNOPPOSED*<br>**JOINT PROPOSED BRIEFING FORMAT** |

Pursuant to this Court's Order dated April 10, 2015, the parties jointly submit the following proposed briefing format for the present consolidated appeals.

**A.     Proposed Briefs, Word Allotments, and Schedule**

The parties respectfully ask this Court to enter an order allowing the following briefs, word allotment, and schedule:

| Date | Brief & Word Allotment |
|---|---|
| July 6, 2015 | opening briefs (2) for Plaintiffs/Appellants – 12,000 words each |
| Sept. 4, 2015 | answering brief for Defendant/Appellee United States – 18,000 words |
| Sept. 18, 2015 | answering brief for Intervenor-Defendant/Appellee Cowlitz Indian Tribe – 10,000 words |
| Oct. 2, 2015 | reply briefs (2) – 6,000 words each |

**B.     Justification**

   *1.     Background*

This case involves decisions by the Secretary of the United States Department of the Interior and other named Department officials (collectively, the "Secretary") (a) to take, into trust, under the Indian Reorganization Act ("IRA"), approximately 151 acres of land in Clark County, Washington, to be a homeland for the Cowlitz Indian Tribe ("Cowlitz Tribe"); and (b) to designate the lands an "initial reservation" eligible for gaming under the Indian Gaming Regulatory Act ("IGRA").

The Secretary's decisions were challenged below, on multiple grounds, in consolidated cases filed by two groups of plaintiffs: (1) Plaintiff-Appellant the Confederated Tribes of the Grand Ronde Community of Oregon ("Grand Ronde"), a federally recognized tribe that operates a casino, Spirit Mountain, near Grand Ronde, Oregon, which would be impacted by the proposed Washington-state gaming operation of the Cowlitz Tribe; and (2) Plaintiffs-Appellants Clark County, Washington; the City of Vancouver, Washington; the La Center card rooms; and several homeowners within the area of Clark County (collectively, the "Clark County Plaintiffs"), which combined have jurisdictional, regulatory, environmental, economic and property interests that are directly impacted by the Secretary's acquisition of land in trust and the proposed development and operation of the gaming operation. The district court granted a motion by the Cowlitz Tribe to intervene as party-defendant. In a 57-page memorandum opinion, the district court granted summary judgment for the Secretary and Cowlitz Tribe on all claims.

Collectively, the appellants intend to raise four sets of issues on appeal. First, the appellants intend to argue that the Secretary erred in concluding that the Cowlitz Tribe is a "recognized Indian tribe now under Federal jurisdiction" for purposes of the IRA, 25 U.S.C. § 479. The United States Supreme Court has held that the Secretary's authority to take land into trust for Indian tribes is limited to

tribes that were "under federal jurisdiction" in 1934, when the IRA was enacted. *Carcieri v. Salazar*, 555 U.S. 379 (2009). Appellants contend that the Secretary's authority to take land into trust for tribes is likewise limited to tribes that were "recognized" in 1934. (In 2002, pursuant to a federal acknowledgement process established in 1978, the Secretary issued a final decision acknowledging the Cowlitz Tribe as an Indian tribe under federal law.) Appellants also challenge the Secretary's finding that the Cowlitz Tribe was "under federal jurisdiction" in 1934. Appellants challenge the test developed by the Secretary (post-*Carcieri*) for implementing the statutory standard, as well as the application of that test to the circumstances of the Cowlitz Tribe, and thus raise intricate questions of statutory interpretation and deference to the administrative agency, as well as review of an extensive record of the history of the Cowlitz Tribe.

Second, Clark County appellants also challenge the Secretary's authority to take the 151 acres into trust for the Cowlitz Tribe in light of the Tribe's expanded enrollment. The argument raises questions regarding the Secretary's authority to act on behalf of a group whose tribal status (allegedly) has not been confirmed, regulatory interpretation, and waiver. (The district court held that the issue was not properly before the court.)

Third, the appellants intend to argue that the Secretary erred in determining that the 151 acres taken into trust for the Cowlitz Tribe qualify as an "initial

reservation" for gaming purposes under IGRA, 25 U.S.C. § 2719(b)(1)(B)(ii). Specifically, Grand Ronde contends that the Cowlitz Tribe failed to demonstrate a "significant historical connection" with the 151 acres, which is a regulatory prerequisite for land to be deemed an "initial reservation." *See* 25 C.F.R. § 292.2. Clark County appellants contend the Secretary did not comply with the plain language of her regulations. These arguments raise questions of statutory and regulatory interpretation and again implicate review of an extensive historical record.

Fourth, the Clark County appellants raise arguments arising under the National Environmental Policy Act ("NEPA") with respect to the decisions to take the 151 acres into trust and designate the lands eligible for gaming. This argument implicates review of an extensive Final Environmental Impact Statement and associated materials.

2.  *Statement of the Appellants Regarding Appellants' Briefs*[1]

Appellants Grand Ronde and the Clark County Plaintiffs filed separate motions and briefs on summary judgment below and reasonably require separate briefs on appeal. The Clark County appellants include a diverse group of parties

---

[1] The parties stipulate and agree to the briefing format and schedule set out herein, but the appellees do not necessarily endorse all characterizations in the statement of the appellants, nor do the appellants necessarily endorse all characterizations in the statement of the appellees (*infra*).

5

with a range of interests that have been and will continue to be injured by the Secretary's decision. Clark County is injured by the loss of its regulatory, land use and taxing authority over the trust land and the County and its constituents will experience environmental, land use and economic impacts as a result of the Secretary's decision. The City of Vancouver and its constituents will be directly affected by land use planning conflicts and the environmental and economic impacts caused by the decision. The Clark County appellants also include nearby property owners, whose environmental, property and quality of life interests will be impacted; business entities, whose economic and environmental interests in their community will be undermined; and a nearby Washington–based citizen group that opposes off–reservation gaming development, whose members will be negatively impacted. Clark County appellants—in whose backyard this casino would be located—consider their interests and perspective to be substantially different from that of Grand Ronde.

Grand Ronde, in turn, has its own unique interests in this litigation. Grand Ronde is a tribal government responsible for providing its members essential services such as public safety, public works projects, health care, education, employment, and housing. Those and other crucial government services would be significantly impaired by the loss of revenue that would result from establishing a casino on the Cowlitz Parcel. Grand Ronde also has cultural and historical

connections to Clark County, and therefore has a unique perspective on the question whether the Cowlitz have a significant historical connection to the 151 acres—one of the issues in this appeal.

Clark County appellants intend to make two arguments that Grand Ronde is not raising—i.e., tribal enrollment and NEPA. Both arguments rely on the substantial administrative record that has been developed over the course of a decade. In addition, Clark County appellants intend to argue that the Secretary failed to make findings specifically required by the regulation implementing the "initial reservation" exception to IGRA's prohibition on gaming.

Grand Ronde, by contrast, intends to argue that the Cowlitz Tribe lacks significant historical connections to the proposed gaming site and contests the meaning the Secretary has ascribed to the phrase "in the vicinity" in the regulation. Although both Grand Ronde and Clark County appellants intend to challenge the Secretary's trust acquisition under *Carcieri v. Salazar*, 555 U.S. 379 (2009), their approaches to this important question of first impression are different, and appellants are confident that they can minimize duplicative argument.

Coordination among the various interests within the Clark County appellant group already requires a careful balancing of diverse interests and compliance with the internal review processes required by Clark County and the City of Vancouver. Accordingly, Clark County appellants reasonably need a separate opening brief of

up to 12,000 words (and reply brief of up to 6,000 words) to present their arguments. Grand Ronde likewise reasonably needs a separate opening brief of up to 12,000 words (and reply brief of up to 6,000 words) in order to address its unique arguments and represent its specific interests as a sovereign tribal national. Appellants' total proposed word count will be less than the default word count for two opening and reply briefs.

### 3.    *Statement by the Appellees Regarding Appellees' Briefs*

Appellees the Secretary and the Cowlitz Tribe filed separate motions and briefs on summary judgment below and reasonably require separate briefs on appeal. This case involves significant questions of Indian law that concern tribes other than those before the Court and as to which the two tribes before the Court (Plaintiff Grand Ronde and Intervenor-Defendant Cowlitz Tribe) disagree. The Secretary must be able to develop and articulate litigation positions on these issues independently, in accordance with the Department of the Interior's institutional interests and duties to tribes and nontribal entities, and without need to accommodate the particular litigation interests of the tribe benefitted by the Secretary's decision in this case. The Secretary's brief also must be reviewed and approved by the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice, a process that involves significant coordination between attorneys and others within the Department of the

Interior and the Department of Justice. Under Department of Justice Policy, draft briefs generally may not be shared with other litigants before final approval by the Assistant Attorney General, which is often the day of filing.

The Secretary also reasonably needs the ability to file an answering brief of up to 18,000 words. This case involves multiple questions of statutory and regulatory interpretation and compliance with NEPA. Several of these issues are fact-specific, and require review of an extensive administrative record. As explained, the two plaintiff groups seek separate opening briefs of up to 12,000 words each. An answering brief of up to 18,000 words is reasonably required to respond to the proposed opening briefs, assuming minimal duplication in those briefs.

The Cowlitz Tribe reasonably requires a separate answering brief of up to 10,000 words. The Cowlitz Tribe is a sovereign entity with vital sovereign interests at stake, including whether the Tribe will have a permanent homeland for the economic, social, and cultural development of its members and whether the Tribe can use its trust land for gaming in order to raise revenues to serve these interests. In light of the answering brief to be filed by the Secretary in support of the administrative decisions favoring the Cowlitz Tribe, the Cowlitz Tribe does not require a full-length answering brief. However, the Cowlitz Tribe has distinct interests and a unique perspective on the questions of tribal history and

membership that the Plaintiffs intend to raise on appeal. Given these distinct interests and perspective, the multiple issues on appeal, and the proposed word allotment of the opening briefs, the Cowlitz Tribe reasonably needs up to 10,000 words for its own response.

### 4. *Schedule*

The proposed briefing schedule calls for a stagger in the filing of the answering briefs, given the general inability of the Secretary to share the Secretary's answering brief with the Cowlitz Tribe prior to filing, and thus to enable the Cowlitz Tribe to review and incorporate arguments from the Secretary's brief and minimize duplication. The schedule otherwise conforms to a standard briefing schedule, with slight allowances to avoid timing conflicts of counsel. All parties agree to work diligently to file their briefs by the stipulated dates and not to seek extension of time from the stipulated dates, absent extraordinary and unforeseen circumstances.

### C. Conclusion

For the foregoing reasons, the parties respectfully request that this Court enter the joint proposed briefing format of the parties (*supra*) to govern briefing in this case.

Respectfully submitted,

| | |
|---|---|
| *for the Secretary,*<br>*U.S. Dept. of the Interior et al.* | *for the Confederated Tribes of the*<br>*Grand Ronde Community of Oregon* |

*for the Secretary,*
*U.S. Dept. of the Interior et al.*

John L. Smeltzer
Appellate Section
Environment & Natural Resources
Division
United States Department of Justice
Post Office Box 23795
Washington, DC  20026-3795
(202) 305-0343
john.smeltzer@usdoj.gov

*for the Cowlitz Indian Tribe*

Kenneth Pfaehler
V. Heather Sibbison
Suzanne R. Schaeffer
Dentons US LLP
1301 K Street, NW
Suite 600 East Tower
Washington DC  20005-3364
kenneth.pfaehler@dentons.com
heather.sibbison@dentons.com
suzanne.schaeffer@dentons.com

Robert D. Luskin
Paul Hastings LLP
875 15th Street, N.W.
Washington, DC 20005
robertluskin@paulhastings.com

*for the Confederated Tribes of the*
*Grand Ronde Community of Oregon*

Lawrence Robbins
Gary A. Orseck
Daniel N. Lerman
Robbins, Russell, Englert, Orseck,
Untereiner & Sauber LLP
1801 K Street, NW
Suite 411-L
Washington, DC  20006
lrobbins@robbinsrussell.com
gorseck@robbinsrussell.com
dlerman@robbinsrussell.com

*for Clark County, Washington et al.*

Benjamin S. Sharp
Donald C. Baur
Jennifer A. MacLean
PERKINS COIE LLP
700 Thirteenth St., NW, Suite 600
Washington, DC 20005
BSharp@perkinscoie.com
DBaur@perkins.coie.com
JMacLean@perkinscoie.com

11

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on *May 11, 2015*.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/  *John L. Smeltzer*

John L. Smeltzer
Appellate Section
Environment & Natural Resources Division
United States Department of Justice
Post Office Box 23795
Washington, DC  20026-3795
(202) 305-0343
john.smeltzer@usdoj.gov